# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,               )
                                 )
      Plaintiff,                 )
                                 )
                                 )
                                 )
v.                               )    Cr. ID. No. 0607013529
                                 )
                                 )
                                 )
JOHN E. MILLER,                  )
                                 )
      Defendant.                 )

Submitted: August 17, 2017
Decided: September 14, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARIILY DISMISSED

Joseph Grubb, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

John E. Miller, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE, *pro se*

**MAYER,** Commissioner

This 14th day of September, 2017, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On December 5, 2006, while serving a sentence of 30 years for a 1998 conviction, Defendant plead guilty to felony Terroristic Threatening and two counts of Misuse of Prisoner's Mail. Defendant was sentenced on March 16, 2007, and his conviction was affirmed by the Delaware Supreme Court on December 12, 2007.[1] Nine years later, Defendant has now filed his third Motion for Postconviction Relief (the "Motion").[2] Defendant's Motion argues that he was "driven crazy by years of solitary confinement and a Hep C treatment," that the Court did not consider those factors at sentencing, and therefore, he requests a sentence adjustment to account for his mental illness as a mitigating factor.

## CONCLUSIONS OF LAW

The Court must first determine whether there are any procedural bars to the motion before considering the merits of the claims.[3] It is evident that the Motion

---

[1] D.I. # 53.

[2] D.I. # 69. Defendant's first and second motions seeking postconviction relief were denied by this Court and the decisions were affirmed by the Delaware Supreme Court. *See* D.I. #s 44, 54, 57, 58, 61, 64.

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

1

should be summarily dismissed as procedurally barred and as such, further briefing on this matter would not assist the Court.[4]

As an initial matter, Defendant's Motion is barred by Superior Court Criminal Rule 61(i)(1) for having been filed more than one year after the judgment of conviction became final. Defendant's judgment of conviction became final in 2007.[5] This Motion, having been filed more than nine (9) years later, is untimely. In addition, second or subsequent postconviction motions shall be summarily dismissed, unless the movant was convicted after a trial and the motion meets certain criteria.[6] This is Defendant's third motion under Rule 61, he was not convicted after a trial, and as set forth below, the motion does not meet the exceptions to the bar.

Further, any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is barred, unless the movant can show cause for relief from the procedural default and prejudice from a violation of the movant's rights.[7] Despite an appeal of his conviction, as well as two prior postconviction motions and

---

[4]  *See* Super. Ct. Crim. R. 61(d)(5).

[5]  *See* Super. Ct. Crim. R. 61(m)(1). A judgment of conviction is final when the Supreme Court issues a mandate or order finally determining the case on direct review.

[6]  *See* Super. Ct. Crim. R. 61(d)(2).

[7]  Super. Ct. Crim. R. 61(i)(3).

appeals, Defendant never before raised the issue presented in the Motion. Defendant had a full and fair opportunity to raise the issue in the prior proceedings and his failure to do so bars his ability to raise it at this late juncture and is deemed procedurally defaulted.

The bars to relief set forth above though will not apply to a claim that (i) the court lacked jurisdiction, (ii) pleads with particularity that new evidence exists creating a strong inference that the movant is actually innocent in fact of the acts underlying the conviction, or (iii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to render the conviction invalid.[8] Defendant does not argue the Court lacked jurisdiction, has not plead any new evidence or facts demonstrating that he is innocent of the acts giving rise to the conviction, nor has he asserted that a new rule of constitutional law affects his conviction. As such, Defendant has failed to establish an exception to the procedural bars.[9]

Finally, to the extent Defendant seeks to modify his sentence, the Motion is also untimely under Superior Court Criminal Rule 35 for having not been filed

---

[8] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

[9] A review of the record also shows that throughout the proceedings, Defendant participated fully and intelligently, acknowledged he understood the plea documents, denied that he was under the influence of alcohol or drugs, and advocated his position in an articulate and meaningful manner. *See* Plea Hearing Transcript, Sentencing Hearing Transcript and June 1, 2007 Transcript.

within 90 days of sentencing. The Court will not consider repetitive requests to reconsider sentencing[10] and will only grant an exception from the deadline in extraordinary circumstances or if 11 Del. C. §4217 applies. Neither is present here. For these additional reasons, Defendant's motion is time barred and his argument should not be considered.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: John E. Miller

---

[10] The Court recently responded to a letter from Defendant clarifying that his sentence in this matter runs consecutively and his sentence modification was denied [D.I. # 66]. Presumably, Defendant filed this Motion in an attempt to circumvent that decision.

4